UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                              Case No.  5:07-cr-30-Oc-10GRJ

CHRISTOPHER KELTON
_____/

**O R D E R**

This case is before the Court for consideration of Defendant Christopher Kelton's Motion to Dismiss Indictment, (Doc. 14), to which the Government has filed a response in opposition. (Doc. 15).  The Indictment charges the Defendant with one count of knowingly and unlawfully failing to register and update a registration as required by the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250(a), ("SORNA").  (Doc. 9).

The Defendant seeks dismissal of the indictment on the grounds that SORNA is unconstitutional on its face and as applied to him.  More particularly, the Defendant argues that SORNA is unconstitutional because: (1) the Act violates the Non-Delegation Doctrine as set forth in Article I, § 1 of the Constitution; (2) SORNA violates the Commerce Clause as set forth in Article I, § 8 of the Constitution; (3) the Act violates the Constitution's *Ex Post Facto* Clause, Article I, § 9; and (4) the Act violates the Fifth Amendment's Substantive and Procedural Due Process Clauses.

With respect to his first argument, that SORNA violates the Constitution's Non-Delegation Doctrine, the Defendant argues that when Congress enacted SORNA on July

27, 2006, it impermissibly delegated to the Attorney General, an officer of the Executive Branch, the authority to "specify the applicability" of SORNA to "sex offenders convicted before July 27, 2006." 42 U.S.C. § 16913(d).[1]  This argument has been rejected by numerous courts, including at least two within this Circuit. See, e.g. United States v. Hinen, 487 F. Supp.2d 747 (W.D. Va. 2007); United States v. Madera, 474 F. Supp.2d 1257 (M.D. Fla. 2007); United States v. Sawn, Criminal No. 6:07cr00020, 2007 WL 2344980 (W.D. Va. Aug. 15, 2007); United States v. Gonzales, NO. 5:07cr27-RJ, 2007 WL 2298004 (N.D. Fla. Aug. 9, 2007); United States v. Mason, Case No. 6:07-cr-52-Orl-19JGG, 2007 WL 1521515 (M.D. Fla. May 22, 2007). See also Mistretta v. United States, 488 U.S. 361, 372 (1989).  The Court is unaware of any decision, published or unpublished, that holds otherwise.  Given the weight of authority on this issue, the Defendant's motion to dismiss on this ground is Denied.

The Defendant's second argument, that SORNA violates the Commerce Clause, has also been considered and rejected by numerous courts. See, e.g., Hinen, 487 F. Supp.2d 747; Madera, 474 F. Supp.2d 1257; Sawn, 2007 WL 2344980; Gonzales, 2007 WL 2298004; United States v. Muzio, No. 4:07CR179 CDP, 2007 WL 2159462 (E.D. Mo. July 26, 2007); Mason, 2007 WL 1521515; United States v. Templeton, No. 06-291, 2007 WL 445481 (W.D.Okla. Feb. 7, 2007).  And again, the Court is unaware of any decision which

---

[1] On February 28, 2007, the Attorney General issued rules dictating that SORNA's registration requirements and criminal liability would apply to all sex offenders, including those convicted of an offense prior to the enactment of SORNA, whose offense of conviction triggers SORNA's registration requirements.  28 C.F.R. § 72.3.

has found SORNA unconstitutional on this basis. The weight of authority mandates that the Defendant's motion to dismiss on this ground be Denied.

The Defendant's third ground for dismissal is based on an argument that SORNA is an unconstitutional *ex post facto* law, which attempts to punish him for actions which occurred prior to SORNA's enactment. More specifically, the Defendant points to his 1991 conviction and his June 2006 relocation to Florida, both of which occurred prior to SORNA's July 27, 2006 enactment. A cursory reading of the Indictment demonstrates the falsity of this argument. The alleged violation of SORNA for which the Defendant is charged did not take place in 1991 when the Defendant was convicted of sexual assault. Nor did it take place in June 2006 when he relocated to Florida. Rather, the Defendant is charged with knowingly failing to register as a sex offender <u>after</u> July 27, 2006. Moreover, the Defendant was not indicted until July 18, 2007, five months after the Attorney General's interim rules regarding retroactive application went into effect. When faced with similar factual circumstances, every single court that has addressed an *ex post facto* challenge has rejected it. See, e.g., Hinen, 487 F. Supp.2d 747; Madera, 474 F. Supp.2d 1257; United States v. Hulen, No. 07-30004, 2007 WL 2343884 (W.D. Ark. Aug. 15, 2007); Sawn, 2007 WL 2344980; Gonzales, 2007 WL 2298004; Mason, 2007 WL 1521515; Templeton, 2007 WL 445481. See also Smith v. Doe, 538 U.S. 84 (2003) (rejecting *ex post facto* challenge to Alaska sex offender registry law which applied retroactively). Cf. United States v. Muzio, 2007 WL 2159462 (E.D. Mo. July 26, 2007) (holding SORNA does not apply to defendant who is charged with activities that took place during gap

between SORNA's July 26, 2007 enactment and February 28, 2007 Attorney General interim rules); United States v. Kapp, 487 F. Supp.2d 536 (M.D. Pa. 2007) (holding same). The Court will not stray from this unanimous line of decisions. The Defendant's motion to dismiss on this ground is Denied.

The Defendant's fourth and final argument is a claim that SORNA violates both his procedural and substantive due process rights. Specifically, the Defendant contends that the Act imposes automatic sex offender status, and requires the Defendant to register and be subject to public notification on an Internet website, without first providing him with a hearing to assess his risk of recidivism or current level of dangerousness. Once again, the weight of authority is against the Defendant. See Connecticut Dept. of Public Safety v. Doe, 538 U.S. 1 (2003) (holding there is no requirement that a hearing be held to determine a defendant's dangerousness prior to classifying him as a sex offender and including his name on a sex offender registry); Doe v. Moore, 410 F.3d 1337, 1344-45 (11th Cir. 2005) (holding that Florida sex offender registration law is rationally related to legitimate government interest in protecting citizens from criminal activity and therefore does not violate substantive due process rights). Courts that have addressed this argument with respect to SORNA itself have also found it to have no merit. See, e.g., Hinen, 487 F. Supp.2d 747; Madera, 474 F. Supp.2d 1257; Sawn, 2007 WL 2344980; Gonzales, 2007 WL 2298004; United States v. Roberts, No. 6:07-CR-70031, 2007 WL 2155750 (W.D. Va. July 27, 2007); Mason, 2007 WL 1521515; Templeton, 2007 WL

445481. This Court agrees, and the Defendant's motion to dismiss on due process challenges shall be Denied.

Given that each of the Defendant's constitutional challenges to SORNA, both on its face and as applied to him in this case, have been rejected by almost every single court to address them,[2] the Court finds the Defendant' motion to dismiss to be without merit. Accordingly, upon due consideration, the Defendant's Motion to Dismiss Indictment, (Doc. 14), is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 5th day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy, Courtroom Deputy
             Christopher Kelton

---

[2] Curiously, the Defendant does not cite to or reference in his motion <u>any</u> of the decisions which have rejected similar constitutional challenges to SORNA.